IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES BERRYMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JHG MID-AMERICAN SERVICES, INC., )<br>PATRICK FALLON and PELICAN )<br>AUTO FINANCE, LLC, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 20-2045-KHV |

## MEMORANDUM AND ORDER

On March 11, 2020, the Court ordered plaintiff to show cause in writing by March 25, 2020 why the case should not be dismissed with prejudice for lack of prosecution. Order To Show Cause (Doc. #10). To date, plaintiff has not filed a response. For reasons stated below, the Court dismisses this case without prejudice.

### Procedural Background

On January 29, 2020, defendants removed this action from the District Court of Wyandotte County, Kansas. Despite notice to plaintiff's counsel Gary Long that he is not registered to practice in the District of Kansas, he failed to comply with the requirements of D. Kan. Rule 5.1(e) regarding an attorney's duty in removed cases. See D. Kan. Rule 5.1(e)(3) (in removed cases, attorneys not admitted to practice in this court must, within 21 days of removal or transfer, either obtain admission to practice in this court, if eligible; associate with an attorney admitted to practice in this court; or move to withdraw).

On March 11, 2020, the Court sustained as unopposed JHG Mid-American Services, Inc.'s And Patrick Fallon's Memorandum In Support Of Their Motion To Dismiss Counts I, III, And IV

Of Plaintiff's Petition (Doc. #7) filed February 5, 2020.[1]  See Order (Doc. #9).  On that same day, the Court ordered plaintiff to show cause why the case should not be dismissed with prejudice for lack of prosecution.  Order To Show Cause (Doc. #10).  Plaintiff has not filed a response.

**Analysis**

Under Rule 41(b), if plaintiff fails to prosecute a case, the Court may sua sponte dismiss the action with or without prejudice.  See Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (although Rule 41(b) language requires motion, courts permitted to dismiss actions sua sponte for plaintiff's failure to prosecute, to comply with rules of civil procedure or court orders). Dismissal of an action with prejudice is a severe sanction which the Court employs only as a last resort.  See Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  Before imposing dismissal as a sanction, the Court considers the following factors: (1) the degree of actual prejudice to defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.  Ehrenhaus v. Reynolds, 965 F.2d 916, 920–21 (10th Cir. 1992).  These factors do not constitute a rigid test; rather, they represent criteria for the Court to consider before imposing dismissal as a sanction.  Id. at 921.

Here, the Ehrenhaus factors favor dismissal without prejudice.  As to the first factor, because defendants removed this case some 70 days ago, plaintiff's refusal to participate in this case has prejudiced defendants to only a limited degree.  Likewise, based on the fact that defendants recently removed this case, plaintiff's refusal to participate has only slightly interfered

---

[1]  Defendants asked to dismiss Count I because it failed to state a claim and the statute of limitations barred any potential claim.  On Counts III and IV, defendants sought dismissal solely on statute of limitations grounds.

with the judicial process. The third factor—the culpability of the litigant—cannot be determined on this record. Because the Court cannot ascertain whether plaintiff's failure to prosecute is solely the fault of counsel or whether he personally is at fault, this factor tends to favor dismissal without prejudice. As to the fourth factor, the Court warned plaintiff that if he did not show cause for his failure to prosecute, dismissal was a potential sanction. Because the Court warned plaintiff only once, however, this factor weighs in favor of dismissal without prejudice. Finally, given plaintiff's complete failure to respond to the show cause order, the motion to dismiss and the notice that plaintiff's counsel must comply with D. Kan. Rule 5.1(e), the Court finds that lesser sanctions would not be effective. Under these circumstances, the Court finds that plaintiff's continued failure to participate in this case justifies dismissal of his claims without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this matter is **DISMISSED without prejudice for lack of prosecution**.

Dated this 13th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge